UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER PEMENTAL,
    Plaintiff,

v.

WALGREEN DISABILITY INCOME
PROTECTION PLAN FOR PHARMACISTS
AND REGISTERED NURSES, WALGREEN
EASTERN CO., INC., and SEDGWICK
CLAIMS MANAGEMENT SYSTEMS, INC,
et al.,
    Defendants.

C.A. No. 15-cv-160-M-LDA

**ORDER**

Before the Court is Defendant Sedgwick Claims Management Services, Inc.'s Motion for a Protective Order (ECF No. 24) and Plaintiff's Motion for a Conditional Order of Default Judgment and Attorney Fees (ECF No. 25). The parties have opposed each other's motions (ECF Nos. 26, 31, and 33).[1] In essence, this matter boils down to a discovery dispute following this Court's order (Text Order of December 8, 2015) denying Sedgwick's original Motion for a Protective Order. (ECF No. 16).

After a thorough review of all of the papers submitted, the Court rules as follows:

1.    Defendant's Motion for a Protective Order (ECF No. 24) is GRANTED IN PART AND DENIED IN PART as follows: The Court will separately enter the proposed Protective Order submitted by Plaintiff in his Reply (see ECF No. 33-1 at 4-9). The motion is otherwise denied.

---

[1] These papers have narrowed the issues in many instances. The Court also notes that one counsel for Sedgwick has withdrawn his appearance (ECF No. 32) and new counsel have entered their appearance. (ECF No. 28, 29).

2. Plaintiff's Motion for a Conditional Order of Default Judgment and Attorney Fees (ECF No. 25) is GRANTED IN PART AND DENIED IN PART as follows: Sedgwick shall supplement its discovery responses as follows:

    a. Provide a supplemental response to Interrogatory No. 1 to include Liz Walker.

    b. Provide a complete and specific response to Interrogatory No. 3(a)-(e), as to each individual identified in response to Interrogatory No. 1, regarding compensation and incentives. Sedgwick shall not limit its response by date and shall respond as to each year that each individual was employed or contracted by Sedgwick.

    c. Provide a complete and specific response to Interrogatory No. 5 (regarding training), as to each individual identified in response to Interrogatory No. 1.

    d. Provide a complete and specific response to Interrogatory No. 6, as to each individual identified in response to Interrogatory No. 1, stating the respective number of times that each individual has had their claim determinations reversed or upheld on appeal or by a court.

    e. In response to RFP No. 2, produce all documents evidencing the calculation and payment of each one of Mr. Pemental's monthly Plan benefits.

    f. In response to RFP Nos. 4, 6, and 9, produce complete, unredacted, copies of its claim manuals, policies, and procedures including, but not limited to, the LTD Step Process and Official Disability Guidelines.

    g. In response to RFP Nos. 15 and 19, produce complete copies of all documents evidencing the performance reviews and disciplinary reviews on each individual identified in response to Interrogatory No. 1. Sedgwick shall also produce all other information in the employment files that is responsive to Mr. Pemental's other discovery requests.

    h. In response to RFP No. 16, produce documents evidencing the respective number of times that each individual who worked on Mr. Pemental's claim or appeal has had their claim determinations reversed or upheld on appeal or by a court.

    i. In response to RFP No. 18, produce all records of all data and/or statistics maintained pertaining to the number of claims handled and the number of claims denied, by each individual identified in response to Interrogatory No. 1, each year they were employed or contracted by Sedgwick.

    j. In response to RFP No. 23, produce all documents evidencing the performance reviews and disciplinary reviews on Sedgwick's consultants, contractors, and/or vendors who worked on Mr. Pemental's claim.

    k. In response to RFP No. 24, produce all training materials used to train Defendant's employees and consultants on how to administer and decide LTD claims and appeals including, but not limited to, a complete copy of Sedgwick's training manual, other training materials, and pertinent information from employee files.

    l. Provide Mr. Pemental with a privilege and redaction log identifying all information withheld based on claims of privilege or confidentiality.

Plaintiff's request for a conditional order of default judgment and for attorney's fees or other sanctions is DENIED.

IT IS SO ORDERED.

_/s/ John J. McConnell, Jr._
John J. McConnell, Jr.
United States District Judge

March 9, 2016